IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ATLANTIC WINE & PACKAGE, LLC,  )<br>GERALD FRANK JENKINS, and MICHAEL  )<br>VICK,  )<br>)<br>Defendants.  ) | CIVIL ACTION FILE<br><br>NO. _____<br><br>1:07-CV-2427 |

## COMPLAINT FOR LIQUIDATED AMOUNT ON PROMISSORY NOTE AND GUARANTIES

COMES NOW Plaintiff Wachovia Bank, National Association (the "Bank") and for its Complaint against Defendants Atlantic Wine & Package, LLC ("Atlantic Wine"), Gerald Frank Jenkins ("Defendant Jenkins"), and Michael Vick ("Defendant Vick") (collectively referred to as "Defendants") respectfully shows the Court as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.

Atlantic Wine is a limited liability company organized under the laws of the State of Georgia that maintains its principal place of business and registered office in Fulton County, Georgia. Atlantic Wine may be served with summons and process through its registered agent, Anita C. Serrato, P.C., at 962 Howell Mill Road, Suite 101, Atlanta, Fulton County, Georgia 30318.

2.

Defendant Jenkins is a citizen of Georgia. He may be served with summons and process at his principal place of residence at 45 Old Vermont Place NW, Atlanta, Fulton County, Georgia 30342.

3.

Defendant Vick is a citizen of Georgia, but, on information and belief, is temporarily residing in Virginia.

4.

The Bank is a national banking association with its designated main office in North Carolina.

5.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this district.

6.

Atlantic Wine and Defendant Jenkins are residents of the state of Georgia, and Defendant Vick either resides in Georgia or has transacted business in Georgia. Accordingly, this Court has personal jurisdiction over Defendants.

7.

This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1348, and <u>Wachovia Bank, National Association v. Schmidt</u>, 546 U.S. 303, 126 S. Ct. 941 (2006), because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.

## THE NOTE

8.

On or about May 23, 2006, Atlantic Wine executed and delivered to the Bank a Promissory Note whereby the Bank agreed to loan to Atlantic Wine, and Atlantic Wine agreed to repay to the Bank, $1,300,000.00, plus interest (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A.

9.

The Bank advanced funds to Atlantic Wine pursuant to the terms of the Note.

10.

The Note provides that any one of the following, among other things, constitutes a default under the Note:

- the failure of timely payment or performance of the obligations under the Note,

- a default under any of the loan documents, including any guaranty executed in connection with the Note,

- a material alteration in the kind or type of Atlantic Wine's business, without the prior written consent of the Bank, and

- the impairment of the prospects for payment or performance under the Note, as determined by the Bank in its sole discretion.

## THE JENKINS GUARANTY

11.

In order to induce the Bank to make the loan evidenced by the Note, and as a condition thereof, Defendant Jenkins executed and delivered to the Bank an Unconditional Guaranty (the

"Jenkins Guaranty"), pursuant to which Defendant Jenkins personally guaranteed the payment of all principal, interest, late charges, loan fees, collection expenses, and all other amounts due and owing under the Note. A true and correct copy of the Jenkins Guaranty is attached hereto as Exhibit B.

## THE VICK GUARANTY

12.

In order to induce the Bank to make the loan evidenced by the Note, and as a condition thereof, Defendant Vick executed and delivered to the Bank an Unconditional Guaranty (the "Vick Guaranty"), pursuant to which Defendant Vick personally guaranteed the payment of all principal, interest, late charges, loan fees, collection expenses, and all other amounts due and owing under the Note. A true and correct copy of the Vick Guaranty is attached hereto as Exhibit C.

13.

The Vick Guaranty provides that a default under the Vick Guaranty exists when the prospects or performance of Defendant Vick's obligations under the Vick Guaranty are impaired or when a material adverse change has occurred in the business or prospects of Defendant Vick, financial or otherwise, as determined by the Bank in its sole discretion.

## COUNT I
### (Against Atlantic Wine Only)
### Breach of the Note

14.

The Bank incorporates herein by reference the above paragraphs as though fully restated herein.

15.

Atlantic Wine has defaulted on its obligations under the Note by failing to make monthly payments of principal and interest in accordance with the Note's terms.

16.

The Bank has also declared the Note to be in default because the Bank has determined, pursuant to the terms of the Note, that the prospects for payment or performance of Atlantic Wine's obligations under the Note and of Vick's obligations under the Vick Guaranty are impaired due to recent events involving Defendant Vick.

17.

The Bank notified Atlantic Wine of the default by, *inter alia*, correspondence dated September 4, 2007. A true and correct copy of that letter is attached hereto as Exhibit D.

18.

As a result of the default described above, the Bank has declared, and hereby further declares, the entire outstanding principal balance of the Note, together with all interest and charges accrued thereon, to be immediately due and payable in accordance with the terms thereof.

19.

Despite all requisite and proper notice of the default described above, Atlantic Wine has failed and refused to pay the amounts owing under the Note, and has failed and refused to cure its default.

20.

By reason of the foregoing, Atlantic Wine is indebted to the Bank under the terms of the Note in the principal amount of $937,907.61, plus interest and fees calculated through October 2, 2007 in the amount of $1,876.60. Interest continues to accrue at the rate of $201.91 per day.

21.

Pursuant to the Note, Atlantic Wine is liable to the Bank for all costs incurred in the collection of the indebtedness, including, without limitation, attorneys' fees, in the amount of fifteen percent (15%) of the first $500 of principal and interest owing and ten percent (10%) of the remaining principal and interest owed.

22.

Pursuant to O.C.G.A. § 13-1-11, by certified letter dated September 4, 2007, the Bank provided Atlantic Wine with notice of its intent to enforce the provisions of the Note relating to attorneys' fees and other matters. (*See* Exhibit D attached hereto).

23.

Pursuant to O.C.G.A. § 13-1-11, the Bank reiterates its demand and hereby notifies Atlantic Wine that the obligations specified in the Note have matured, and that the Bank intends to enforce the attorneys' fees provisions contained therein. Unless the total indebtedness of $939,784.21, representing a principal amount of $937,907.61 plus accrued interest and fees in the amount of $1,876.60 as of October 2, 2007, is paid within ten (10) days of Atlantic Wine's receipt of this Complaint, the Bank will be entitled to recover as fees fifteen percent (15%) of the first $500.00 of principal and interest owing and ten percent (10%) of the remainder.

**COUNT II**
**(Against Defendant Jenkins Only)**
**Breach of the Jenkins Guaranty**

24.

The Bank incorporates herein by reference the above paragraphs as though fully restated herein.

25.

Atlantic Wine has failed to meet its payment obligations to the Bank under the Note, as described above.

26.

The Bank has also declared the Note to be in default because the Bank has determined, pursuant to the terms of the Note, that the prospects for payment or performance of Atlantic Wine's obligations under the Note are impaired, as described above.

27.

On or about September 4, 2007, the Bank demanded that Defendant Jenkins comply with the terms of the Jenkins Guaranty and pay the amounts due and owing under the Note. Despite said demand, Defendant Jenkins has failed and refused to discharge his obligations under the Jenkins Guaranty.

28.

Pursuant to the terms of the Jenkins Guaranty, Defendant Jenkins is indebted to the Bank in the total principal amount of $937,907.61 plus accrued interest and fees, as of October 2, 2007, in the amount of $1,876.60. Interest continues to accrue at the rate of $201.91 per day.

29.

Pursuant to the terms of the Note and Jenkins Guaranty, Defendant Jenkins is liable to the Bank for all costs incurred in the collection of the indebtedness of Atlantic Wine, including, without limitation, attorneys' fees.

30.

Pursuant to O.C.G.A. § 13-1-11, by certified letter dated September 4, 2007, the Bank notified Defendant Jenkins of its intention to enforce the provisions of the Note relating to attorneys' fees and other matters. (*See* Exhibit D.)

31.

Pursuant to O.C.G.A. § 13-1-11, the Bank reiterates its demand and hereby notifies Defendant Jenkins that the obligations specified in the Note have matured, and the Bank intends to enforce the attorneys' fees provisions contained therein. Unless the total indebtedness of $939,784.21, as of September 27, 2007, is paid within ten (10) days of Defendant Jenkins' receipt of this Complaint, the Bank will be entitled to recover as fees fifteen percent (15%) of the first $500.00 of principal and accrued interest owed and ten percent (10%) of the remainder.

## COUNT III
### (Against Defendant Vick Only)
### Breach of the Vick Guaranty

32.

The Bank incorporates herein by reference the above paragraphs as though fully restated herein.

33.

Atlantic Wine has failed to meet its payment obligations to the Bank under the Note, as described above.

34.

The Bank has also declared the Note to be in default because the Bank has determined, pursuant to the terms of the Note, that the prospects for payment or performance of Atlantic Wine's obligations under the Note are impaired, as described above.

35.

On or about September 4, 2007, the Bank demanded that Defendant Vick comply with the terms of the Vick Guaranty and pay the amounts due and owing under the Note. Despite said demand, Defendant Vick has failed and refused to discharge his obligations under the Vick Guaranty.

36.

Pursuant to the terms of the Vick Guaranty, Defendant Vick is indebted to the Bank in the total principal amount of $937,907.61 plus accrued interest and fees, as of October 2, 2007, in the amount of $1,876.60. Interest continues to accrue at the rate of $201.91 per day.

37.

Pursuant to the terms of the Note and Vick Guaranty, Defendant Vick is liable to the Bank for all costs incurred in the collection of the indebtedness of Atlantic Wine, including, without limitation, attorneys' fees.

38.

Pursuant to O.C.G.A. § 13-1-11, by certified letter dated September 4, 2007, the Bank notified Defendant Vick of its intention to enforce the provisions of the Note relating to attorneys' fees and other matters. (*See* Exhibit D.)

39.

Pursuant to O.C.G.A. § 13-1-11, the Bank reiterates its demand and hereby notifies Defendant Vick that the obligations specified in the Note have matured, and the Bank intends to enforce the attorneys' fees provisions contained therein. Unless the total indebtedness of $939,784.21, as of October 2, 2007, is paid within ten (10) days of Defendant Vick's receipt of this Complaint, the Bank will be entitled to recover as fees fifteen percent (15%) of the first $500.00 of principal and accrued interest owed and ten percent (10%) of the remainder.

### COUNT IV
### (Against All Defendants)
### Reimbursement of Overdraft

40.

The Bank incorporates herein by reference the above paragraphs as though fully restated herein.

41.

Atlantic Wine has multiple checking accounts with the Bank.

42.

Two of those accounts, Account Number 2000021031849 and Account Number 2000017854807, are currently overdrawn in the respective amounts of $34,667.30 and $13.55.

43.

In the Jenkins and Vick Guaranties, Defendants Jenkins and Vick guarantied all of Atlantic Wine's obligations to the Bank, including overdrafts.

44.

In a letter dated September 11, 2007, the Bank demanded that Atlantic Wine and/or Defendant Vick or Defendant Jenkins repay to the Bank the overdraft amounts. A true and correct copy of that letter is attached hereto as Exhibit E.

45.

In addition to its legal obligation to reimburse the Bank for the overdraft amounts pursuant to the Uniform Commercial Code, Atlantic Wine is also obligated to reimburse the bank for those amounts by the "Deposit Agreement and Disclosure for Commercial Accounts," a copy of which is attached hereto as Exhibit F.

46.

Defendants have failed and refused to honor their legal and contractual obligations to repay the overdraft amounts to the Bank.

47.

The Bank is entitled to recover from Defendants, jointly and severally, the amounts of the overdrafts, plus pre-judgment interest.

48.

The "Deposit Agreement and Disclosure for Commercial Accounts" also entitles the Bank to recover all costs it may incur in collecting the overdraft, including, without limitation, attorneys' fees and the costs of litigation.

### COUNT V
### (Against All Defendants)
### Attorneys' Fees and Other Expenses of Litigation
### Pursuant to O.C.G.A. § 13-6-11

49.

The Bank incorporates herein by reference the above paragraphs as though fully restated herein.

50.

To the extent that the Bank cannot recover its attorneys' fees and other expenses of litigation pursuant to O.C.G.A. § 13-1-11, the Bank is entitled to recover those fees and expenses pursuant to O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, caused the Bank unnecessary trouble and expense, and have been stubbornly litigious.

WHEREFORE, having stated its Complaint against Defendants, the Bank prays that this Court grant judgment in its favor and against Defendants as follows:

(a)     On Count I of its Complaint against Atlantic Wine in the principal amount of $937,907.61, plus interest calculated through October 2, 2007 in the amount of $1,876.60, with interest continuing to accrue at the rate of $201.91 per day, plus attorneys' fees pursuant to O.C.G.A. § 13-1-11;

(b)     On Count II of its Complaint against Defendant Jenkins in the principal amount of $937,907.61, plus interest calculated through October 2, 2007 in the amount of $1,876.60, with

interest continuing to accrue at the rate of $201.91 per day, plus attorneys' fees pursuant to O.C.G.A. § 13-1-11;

(c) On Count III of its Complaint against Defendant Vick in the principal amount of $937,907.61, plus interest calculated through October 2, 2007 in the amount of $1,876.60, with interest continuing to accrue at the rate of $201.91 per day, plus attorneys' fees pursuant to O.C.G.A. § 13-1-11;

(d) On Count IV of its Complaint against all Defendants in the principal amount of $34,680.85, plus pre-judgment interest and costs of litigation, including attorneys' fees;

(e) On Count V of its Complaint against all Defendants for the Bank's attorneys' fees and other expenses of litigation, should the Bank be unable to recover its fees and expenses pursuant to O.C.G.A. § 13-1-11; and

(d) For such other and further relief as this Court deems just and proper under the circumstances.

This the 2nd day of October, 2007.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*[signature]*

Thomas M. Barton
Georgia Bar No. 040821
Aaron P.M. Tady
Georgia Bar No. 696273

Attorneys for Plaintiff

1230 Peachtree Street, NE
Suite 3100 – Promenade II
Atlanta, Georgia 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 685-7048